IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

United States Courts
Southern District of Texas
FILED

NOV 2 7 2006

Michael N. Milby, Clerk of Court

| | |
|---|---|
| CLARENCE M. ROBY & KAREN WELLS ROBY, § § § | |
| Plaintiffs, § § | |
| v. § | Civil Action No. 2:06-6656 |
| § | |
| STATE FARM FIRE AND CASUALTY COMPANY, REGGIE GLASS, REGGIE GLASS INSURANCE AGENCY, INC. & ABC INSURANCE COMPANY, § § § § § § | |
| Defendants. § § | |

## ORDER OF REMAND

Pending before the Court is Plaintiffs' Motion to Remand and for Costs (Document No. 11). Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted in part and denied in part.

## BACKGROUND

Plaintiffs Clarence and Karen Roby ("Robys"), residents of New Orleans, Louisiana, purchased a homeowner's insurance policy ("policy") from State Farm Fire and Casualty Company ("State Farm"), an Illinois corporation with its principal place of business in Illinois. Defendant Reggie Glass ("Glass"), a resident of Louisiana, through his Louisiana corporation, Glass Insurance Agency, Inc., brokered

the policy for the Robys.[1] This policy insured the Robys' home and its contents and was in effect at the time Hurricane Katrina devastated the New Orleans area on August 29, 2005.[2] The policy was an "all risk" policy that included a limit of liability of $169,500 for the home, $127,125 for its contents, and coverage for additional living expenses if the home became uninhabitable. It also contained a water damage exclusion.

As a result of Hurricane Katrina, the Roby home suffered extensive damage, including substantial roof damage.[3] Shortly after the hurricane, the Robys notified State Farm of their loss. On October 26, 2005, the Robys provided a State Farm claims adjuster with a binder of documents, pictures, and receipts totaling more than $400,000 relating to the damage their home sustained as well as costs for the additional living expenses they incurred. On November 29, 2005, State Farm paid them $23,181.98, State Farm's estimated damages for their claim for damages to their home.[4]

---

[1]The Robys originally purchased their policy in 1991 and renewed it annually through their agent, Glass.

[2]Policy 18-EO-0458-5 was effective September 26, 2004 to September 26, 2005.

[3]The Robys contend that State Farm previously estimated the roof was 80% damaged.

[4]As of November 29, 2005, State Farm had also issued two checks for additional living expenses, one for $2500 and another for $615.50. However, the Robys contend this amount is insufficient because they provided documentation that their additional living

Ultimately, State Farm declined to pay the Robys' full claim for damages or to pay the limits of liability under the policy, alleging that their home sustained flood damage from Hurricane Katrina and that flood damages are excluded from the policy. In opposition, the Robys contend their home was uninhabitable due to significant damage from hurricane rains that entered the home through holes in the roof and ceilings, rather than floods as State Farm contends.[5]

Consequently, on August 28, 2006, the Robys filed suit in Louisiana Civil District Court for the Parish of Orleans against State Farm seeking a declaratory judgment that the water damage exclusion under the policy does not apply to their claim and that State Farm is liable for their losses. Additionally, the Robys assert a cause of action against Glass for negligent breach of fiduciary duty. Specifically, the Robys assert that as their insurance agent, Glass had a duty to inform them of the availability of excess flood insurance and to ensure they had adequate coverage.

On September 28, 2006, State Farm and Glass (collectively, "Defendants") removed the instant action to the United States District Court for the Eastern District

---

expenses totaled $20,298.16.

[5]State Farm also denied coverage under the personal contents portion of their policy, claiming items damaged by flood are excluded under the policy. The Robys contend the contents were damaged by wind-driven rain that entered through holes in the damaged roof.

3

of Louisiana, alleging the federal court had subject matter jurisdiction.[6] Conceding that complete diversity does not exist on the face of the pleadings, Defendants contend the Robys fraudulently joined Glass to defeat diversity jurisdiction. On October 6, 2006, the case was transferred to the undersigned. The Robys move the Court to remand the action to Louisiana state court and to award costs for wrongful removal. The Robys aver this Court lacks subject matter jurisdiction, and State Farm improperly removed their cause of action to federal court.

## LAW AND ANALYSIS

Federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). There is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court. *Id.* Accordingly, a party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper. *Berry v. Allstate Ins. Co.*, Civ.A. No. 06-4922, 2006 WL 2710588, at *1 (E.D. La. Sept. 19, 2006) (citations omitted). A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. *Richmond v. Chubb Group of Ins. Cos.*, Civ. A. No. 06-3973, 2006 WL 2710566, at *2 (E.D. La.

---

[6]The Defendants allege that both federal question and diversity jurisdiction exist.

Sept. 20, 2006) (citing 28 U.S.C. § 1447(c)).

## *1. Federal Question Jurisdiction*

Defendants aver this Court has jurisdiction under a federal question that arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Defendants support their removal to federal court by relying on the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA"), specifically 28 U.S.C. § 1369 ("§ 1369") and its corresponding removal statute, 28 U.S.C. § 1441(e) ("§ 1441"). Section 1369 is a federal statute that establishes subject matter jurisdiction in federal court over a single accident in which at least 75 persons died.[7] Section 1441 allows a defendant to remove a § 1369 case to federal court. Congress enacted the MMTJA to allow full consolidation of state and federal cases related to a common disaster in order to eliminate multiple or inconsistent awards arising from multiforum litigation. *Southall v. St. Paul Travelers Ins. Co.*, Civ.A. No. 06-3848, 2006 WL 2385365 at *6 (E.D. La. Aug. 16, 2006).

---

[7] 28 U.S.C. § 1369(a) states: The district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location, if- (1) a defendant resides in a State and a substantial part of the accident took place in another State or other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place; (2) any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States; or (3) substantial parts of the accident took place in different States.

Defendants rely on two provisions of § 1441 to support removal to federal court: (1) § 1441(e)(1)(A), a removal statute that establishes original jurisdiction over cases which could have been brought under § 1369 of the MMTJA, and (2) § 1441(e)(1)(B) which establishes supplemental jurisdiction with a pending § 1369(a) case in federal court. § 1441(e); *Wallace v. Louisiana Citizens Prop. Ins. Co.*, 444 F.3d 697, 702 (5th Cir. 2006). Defendants aver the Court has original jurisdiction under § 1441(e)(1)(A) via § 1369 because Hurricane Katrina meets the statutory definition of an accident, and the accident took place in different states.[8] § 1369(a)(3), (c)(4). They also aver the Court has supplemental jurisdiction under § 1441(e)(1)(B) because State Farm is a party to a different case which was brought or could have been brought in federal court under § 1369(a).

In order to establish that this Court has original jurisdiction and the action is properly removed to federal court under § 1441(e)(1)(A), State Farm must show the Robys' action could have been brought in federal court under § 1369. § 1441(e)(1)(A). Under § 1369, a district court has subject matter jurisdiction over a single accident in which more than 75 persons died, even if complete diversity is lacking. § 1369(a). To establish federal court jurisdiction under § 1369 and removal

---

[8]Section 1369(a)(3) states that the district court has original jurisdiction under § 1369 if "substantial parts of the accident took place in different states."

under § 1441(e)(1)(A), Defendants must show that Hurricane Katrina is an accident, which is defined as "a sudden accident, or natural event culminating in an accident, that results in death incurred at a discrete location by at least 75 natural persons." § 1369(c)(4). They argue 1,500 persons died in Hurricane Katrina, including over 1,200 in Southeast Louisiana, and that substantial parts of the accident took place in Louisiana and Mississippi. However, district courts have consistently found that Hurricane Katrina does not constitute an accident for purposes of § 1369 analysis because the deaths did not occur from a single incident attributable to the storm or at a discrete location. *Salvaggio v. Safeco Prop. & Cas. Ins. Co.*, __F. Supp. 2d __, 2006 WL 3068971, at *5 (E.D. La. Oct. 25, 2006) ("In fact, thus far, no court has concluded that Hurricane Katrina in and of itself was an accident."); *Berry*, 2006 WL 2710588, at *3; *see also So. Athletic Club, LLC v. Hanover Ins. Co.*, Civ.A. No. 06-2605, 2006 WL 2583406, at *5 (E.D. La. Sept. 6, 2006); *Southall*, 2006 WL 2385365, at *5 (finding that "it is anything but *clear* that Hurricane Katrina was an 'accident' within the meaning of the statute. If anything, it is more *clear* that it was *not* an accident within the meaning of this statute."); *Flint v. La. Farm Bureau Mut. Ins. Co.*, No. 06-2546, 2006 WL 2375593, at *3 (E.D. La. Aug. 15, 2006) ("This Court has determined that Hurricane Katrina has not been classified as a § 1369 'accident' by any court and therefore, this Court declines to interpret the statutory definition of

'accident' so broadly."). The Court finds the reasoning in these cases persuasive, and determines it lacks original subject matter jurisdiction under § 1369 and § 1441(e)(1)(A).

However, State Farm also posits this Court has supplemental jurisdiction under § 1441(e)(1)(B) because State Farm is a defendant in *Chehardy v. Wooley*, No. 06-1672 (E.D. La. filed Mar. 28, 2006) ("*Chehardy*").[9] This statute provides for removal in those situations where original federal subject matter jurisdiction does not exist by allowing a defendant to assert supplemental jurisdiction pursuant to the district court's original jurisdiction under a § 1369(a) case pending in federal court. *Wallace*, 444 F.3d at 702.

In *Wallace*, defendants in a class action filed for removal under § 1441(e)(1)(B), asserting the district court had supplemental jurisdiction over their claim because defendants were parties to a separate class action in federal court, also based upon the same accident, Hurricane Katrina. *Id.* at 699. There, the district court held that § 1369(b) required the federal court to abstain from asserting jurisdiction

---

[9]*Chehardy v. State Farm Fire & Cas. Co.*, Civ. A. Nos. 06-1672, 06-1673, 06-1674 was filed in the United States District Court for the Middle District of Louisiana and subsequently transferred to the Eastern District of Louisiana. *Flint*, 2006 WL 2375593, at *2 n.3.

8

over the case even if subject matter jurisdiction existed under § 1441(e)(1)(B).[10] *Id.* at 700. Therefore, on appeal, the United States Court of Appeals for the Fifth Circuit considered whether the federal court was required to abstain from asserting supplemental jurisdiction over a case removed to federal court under § 1441(e)(1)(B). *Id.* at 701. Under the facts of *Wallace*, the Fifth Circuit held that § 1369(b) did not bar the exercise of jurisdiction over a case removed pursuant to § 1441(e)(1)(B).

The Court notes, however, that *Wallace* concerned the misapplication of abstention doctrine of § 1369(b) rather than the proper application of § 1441(e)(1)(B). *See Flint*, 2006 WL 2375593, at *3. Courts have subsequently distinguished the facts of *Wallace,* which involved class action plaintiffs and consolidation with other cases, and have found that § 1441(e)(1)(B) does not confer supplemental jurisdiction to a few plaintiffs. *See Southall*, 2006 WL 2385365, at *5. The *Southall* court reasoned that the MMTJA's jurisdiction is narrow and is intended to apply to a case in which there are multiple plaintiffs and defendants. *Id.* at *6. The court reasoned that MMTJA changed minimal diversity in class actions to promote the purposes of the class action device: fairness, uniformity, efficiency, and manageability in mass

---

[10]The court based its decision on 28 U.S.C. § 1369(b), which provides that district courts "*shall abstain* from hearing any civil action described in subsection (a) in which - (1) the substantial majority of all plaintiffs are citizens of a single State of which the primary defendants are also citizens; and (2) the claims asserted will be governed by the laws of that State." (emphasis added).

9

litigation. *Id.* at *5.

The case before the Court is not a class action with multiple plaintiffs or multiple defendants. Moreover, a single case does not risk a lack of fairness, uniformity, efficiency, and managability as contemplated by the MMTJA. *Id.* at *5. The Robys are but one family of plaintiffs who filed claims in state court against only two defendants, State Farm and its agent, Glass. In addition, State Farm does not suggest that this claim be consolidated with *Chehardy* or any other claims. Consequently, this Court lacks supplemental jurisdiction under the MMTJA in the instant action. Because this Court lacks original or supplemental jurisdiction, there is no federal question to support the exercise of subject matter jurisdiction over this suit. § 1331.

## 2. *Diversity Jurisdiction*

State Farm also contends removal is proper based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332 ("§ 1332"). The Robys, residents of Louisiana, filed suit in state court against another Louisiana resident, Glass. Thus, complete diversity does not exist on the face of the pleadings. However, State Farm contends removal was proper because the Robys fraudulently joined Glass in an attempt to defeat diversity jurisdiction.

The federal removal statute, § 1441, allows a defendant to remove a case

brought in state court to federal court if all the prerequisites of diversity jurisdiction contained in § 1332 are met. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004). Diversity jurisdiction exists if the matter in controversy exceeds $75,000 and the suit is between citizens of one state and citizens of another state. 28 U.S.C. § 1332(a). However, district courts may not exercise jurisdiction over a suit in which a party has been improperly or collusively joined to manufacture federal diversity jurisdiction.[11] *Smallwood*, 385 F.3d at 572 (citing 28 U.S.C. § 1359). The improper joinder inquiry is to determine whether or not the in-state defendant was properly joined. *Id.* at 573.

A court determines the validity of a claim of fraudulent joinder in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff. *Travis v. Irby,* 326 F.3d 644, 649 (5th Cir. 2003). The removing party bears a heavy burden of proving that the non-diverse defendants were fraudulently joined to defeat diversity.[12] *Id.* at 649. Accordingly, the Court must

---

[11]Although improper joinder is also referred to as fraudulent joinder, the Fifth Circuit refers to the term as "improper joinder." *Melder v. Allstate Corp.*, 404 F.3d 328, 329 (5th Cir. 2005).

[12]The Court notes that State Farm contends that because plaintiffs cannot demonstrate the possibility of recovery under Louisiana law, they have improperly joined Glass. However, State Farm switches the burden of proof. State Farm carries a heavy burden to prove that Glass was fraudulently joined to defeat diversity by proving there is no possibility of recovery. *Travis,* 326 F.3d at 649.

11

resolve all ambiguities in the controlling state law in plaintiff's favor. *Id.* at 648. If the plaintiff has any possibility of recovery or a reasonable basis for predicting that state law might impose liability against the party whose joinder is questioned, then joinder is not fraudulent in fact or law. *Id.* at 647.

The removing party establishes improper joinder in one of two ways: (1) actual fraud in the pleadings of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood*, 385 F.3d at 573. State Farm does not allege actual fraud in the pleadings but alleges the Robys cannot recover against Glass in state court. Thus, in the instant action, the Court must determine whether there is a reasonable basis to predict that the Robys may be able to recover against Glass. *See id.*

The Robys assert a claim against Glass for negligent breach of fiduciary duty. However, State Farm avers the Robys have no possibility of recovery in state court against Glass because (1) the Robys' claims against him are time-barred under La. Rev. Stat.§ 9:5606 ("§ 9-5606")[13] and (2) Glass had no duty to advise the Robys of available insurance.

---

[13]Under La. Rev. Stat. § 9:5606, claims against an insurance agent must be brought within one year from an agent's alleged act or neglect, or within one year of an insured's discovery of an agent's act or neglect. If the insured files within a year of his discovering the agent's act or neglect, a plaintiff is required to file no later than three years after the agent's alleged act or neglect.

12

First, State Farm contends the Robys' claim in state court is preempted because the one-year prescriptive period for the Robys' claim against Glass began to run when the Robys purchased their policy in 1991. However, the negligent act of the agent at the time of renewal constitutes a separate tort for purposes of § 9-5606 preemption. *Sonnier v. La. Farm Bureau Mut. Ins. Co.*, 924 So.2d 419, 422 (La. Ct. App. 2006). State Farm contends that the renewal of the policy was not a separate and distinct act from the original purchase of the policy, but this factual issue has not been established. Moreover, when an agent fails to offer his clients or inform them of the availability of excess flood insurance, a plaintiff's claim is not preempted under § 9-5606 because the prescriptive period for such omissions is a factual issue resolved in plaintiff's favor. *Richmond*, 2006 WL 2710566, at *5.

The Robys allege they discovered Glass's negligent breach of fiduciary duty after August 29, 2005, when Hurricane Katrina occurred. The date on which the prescriptive period began and the date on which the Robys discovered or should have discovered Glass's negligent act or omission to trigger the prescriptive period is a factual issue that the Court does not reach at this time. As previously noted, factual issues in removal challenges must be resolved in favor of the plaintiff. *Travis,* 326 F.3d at 649. Consequently, the Court concludes State Farm has not proved that the Robys have no possibility of recovery based upon the § 9-5606 statute of limitations.

13

In addition to claiming Glass was improperly joined because the prescriptive period has run, State Farm challenges the substantive basis of the Robys' breach of fiduciary duty claim. The Robys aver Glass breached his fiduciary duty to advise them of the availability of flood insurance and to ensure they had full coverage of the actual value of their property. Under Louisiana law, an insurance agent and an insurance broker have a fiduciary duty to the insured in certain instances, and in some circumstances, a client may recover from an agent for losses he sustains as a result of the agent's failure to procure the desired coverage. *Taylor v. Sider*, 765 So. 2d 416, 418-19 (La. Ct. App. 2000). Also, an agent breaches his duty to advise a plaintiff of needed flood protection even if a plaintiff does not specifically request flood insurance. *Durham v. McFarland*, 527 So.2d 403, 407 (La. Ct. App. 1988). Because Louisiana law recognizes a fiduciary duty between an agent and the insured, and specifically, a duty to advise the insured of needed flood protection, the Robys have stated a viable claim for negligent breach of fiduciary duty.[14]

Because the Robys' claims are not definitively preempted, and Louisiana law

---

[14] State Farm casts the Robys' claim for negligent breach of fiduciary duty as a cause of action for negligent misrepresentation by asserting that the Robys cannot establish one of its elements, justifiable reliance. However, the issue pertaining to improper joinder is not whether the Robys can meet the elements of negligent misrepresentation but whether they assert a viable claim against their insurance agent. Therefore, the issue is whether, under Louisiana law, an insurance agent has a fiduciary duty to inform an insured of the insurance coverage options available to him or her.

recognizes a breach of fiduciary duty between an agent and his insured, State Farm has not carried its heavy burden to prove that the Robys have no possibility of recovery in state court. *Smallwood*, 385 F.3d at 573. Because State Farm has not proved that Glass was improperly joined, this Court also lacks diversity jurisdiction over the action. § 1332. Because neither federal question nor diversity jurisdiction is present, the Court remands the action to the Louisiana Civil District Court for the Parish of Orleans.

### *3. Request for Attorney Fees*

The Robys request attorney fees and costs for Defendants' removal under 28 U.S.C. 1447(c) ("§ 1447(c)").[15] A request for attorney fees is within the discretion of the court. *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993). In determining whether to award attorney fees for removal under § 1447(c), courts should recognize the need to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party. *Martin v. Franklin Capital Corp.*, __ U.S. __, 126 S.Ct. 704, 711 (2005). However, a court's determination should not undermine Congress's basic decision to afford defendants a right to remove as a general matter when the statutory criteria are satisfied. *Id.* Therefore, when a party has an objectively

---

[15] 28 U.S.C. § 1447(c), in pertinent part, states, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

reasonable basis to seek removal, a request for attorney fees should be denied. *Id.* Because State Farm had an objectively reasonable basis to seek removal, this Court declines to grant the Robys' request for attorneys' fees and costs.

Because there is no federal question jurisdiction under § 1369 and § 1441, and there is no diversity between the parties, the Court lacks subject matter jurisdiction over the instant action. Thus, the Court remands the Robys' causes of action to the Louisiana Civil District Court.[16] Given the foregoing, the Court hereby

ORDERS that the Robys' Motion to Remand and for costs (Document No. 11) is GRANTED in part and DENIED in part. The Court further

ORDERS that the case is REMANDED to the Louisiana Civil District Court. The Court further

ORDERS that the Robys' request for costs is denied.

---

[16]Defendants request this Court to stay the enforcement of remand in order to permit them to consider appellate review of such decision. Alternatively, Defendants ask the Court to certify this Order for interlocutory appeal to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 1292(b). However, the United States Supreme Court has "relentlessly repeated" that any remand order for lack of subject matter jurisdiction is not subject to appellate review. *Kircher v. Putnam Funds Trust*, ___ U.S. ___, 126 S.Ct. 2146, 2153 (2006). Section 1447(d) provides that an order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise. *Id.* Certification pursuant to § 1292(b) does not change the fact that the appeal is barred by § 1447(d). *So. Athletic Club LLC*, 2006 WL 2583406, at *5. Thus, the Court declines to stay enforcement of its Order to Remand and declines to certify its Order for interlocutory appeal.

SIGNED at Houston, Texas, on this **27** day of November, 2006.

*David Hittner*

DAVID HITTNER
United States District Judge